The Chief Justice delivered the opinion of the court as follows:
Cornelius Cruser, brought an action against William, Duryea and Peter Yoorhees, in the court for the trial of *21 ■small causes, aud demanded the sum of one dollar and forty-nine cents. No set-off was claimed, and upon the verdict of a jury lie obtained a judgment for that sum. An appeal was taken by the defendants, and the Court of Common Pleas being of opinion that there could be no .appeal where the debt or demand in dispute did not exceed three dollars, overruled an application for the entry of the appeal. A mandamus being here sought, it is agreed by the parties that a peremptory writ be ordered if this court is of opinion that an appeal may, in such case, be taken.
Prior to the statute of November, 1820, an appeal could not be made from a judgment given upon a verdict. By that statute it is enacted that from any judgment obtained before any justice of the peace, in any of the courts for the trial of small causes, upon the verdict of a jury, either party may appeal to the Court of Common Pleas of the county within the same time, in the same manner and upon the same terms, as in other cases where an appeal is granted. The language of the statute is of the most broad and comprehensive, as well as clear and explicit character. The right of appeal is- made to extend to all judgments upon verdicts. The reference of time, manner and terms to ■other cases of appeal, is directory of the mode of procedure, and not restrictive of appealable judgments to any particular class or sum. We have no warrant to introduce, by constructive interpolation, a limitation into the statute not sanctioned by its unambiguous phraseology.
The objection to the construction of this statute so plainly indicated by its words, is founded on the 36th section of the .act of February, 1818, which excepts from appeals, judgments founded upon verdicts, on reports of referees, and whore the debt, balance, demand *or other matter in [*17 ■dispute, does not exceed three dollars, and the argument is that as the present act only authorizes appeals after verdicts, the restriction as to sum remains. But the statute of J820 gives an appeal from any judgment, founded upon a verdict, *22 including thereby, most evidently, judgments below, as well as above, three dollars ; and if there be any conflict between, the two statutes, the latter, on common law principles, abrogates the former; and more plainly to effect such purpose the act of 1820 repeals all acts and parts of acts inconsistent with its provisions. If any doubt existed as to the operation of these acts, we ought rather to sustain the right of review, a right so just in itself and so sedulously cherished in every part of our judicial system.
Whether an appeal ought to be given where the sum in controversy is so small, or after verdict in cases not exceeding three dollars where, by the undisturbed operation of the act of 1818, an appeal could not have been taken if there-had been no trial by jury, are subjects of legislative, not of judicial consideration.
Let a mandamus issue..